Nos. 24-3133, 24-3206, 24-3252

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

OHIO TELECOM ASSOCIATION; TEXAS ASSOCIATION OF BUSINESS;
CTIA – THE WIRELESS ASSOCIATION;
NCTA – THE INTERNET & TELEVISION ASSOCIATION;
USTELECOM – THE BROADBAND ASSOCIATION,

*Petitioners*,

HAMILTON RELAY, INC.,

*Intervenor*,

v.

FEDERAL COMMUNICATIONS COMMISSION;
UNITED STATES OF AMERICA,

*Respondents*.

On Petitions For Review Of An Order Of The
Federal Communications Commission, Agency No. 23-111

## PETITIONERS' RESPONSE TO FCC'S MOTION
## TO HOLD CASE IN ABEYANCE

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Petitioners respectfully submit this response to the Federal Communications Commission's Motion to Hold Case in Abeyance (FCC Motion), ECF No. 55. Petitioners believe that before acting on the FCC Motion, this Court should grant the request for rehearing and thereby vacate the panel's decision upholding the challenged regulation (the 2024 Reporting Rule). *See* 6th Cir. R. 40; *see also, e.g.*, *Paris v.*

1

*Turner*, 187 F.3d 637 (6th Cir. 1999). Petitioners do not oppose holding further proceedings in abeyance once the panel decision is vacated.

The panel's decision misinterprets both the Congressional Review Act and Section 201(b) of the Communications Act, for the reasons set forth in the petition. *See generally* Petition for Rehearing En Banc, ECF No. 54. The FCC's own request for abeyance—so that it can reconsider the order itself—strongly suggests that the FCC agrees with Petitioners that the 2024 Reporting Rule and the panel decision are legally flawed. Vacating that decision before granting abeyance would ensure that the decision does not remain binding circuit precedent during an open-ended and potentially lengthy period of agency review.

Vacating the panel decision before granting abeyance also would serve the interests of judicial economy and fairness. It would prevent an erroneous decision from remaining on the books while the FCC deliberates; impose no burden on the agency; and preserve this Court's institutional prerogative to correct an important error that would otherwise guide administrative agencies going forward. This sequencing is especially important here because the FCC has not committed to rescinding or revising the order, nor has it provided any timetable for completing its review. *See generally* FCC Mot. to Hold Case in Abeyance, ECF No. 55.

The cases the FCC cites (at 2-3) to support its motion reinforce the need to vacate the panel decision before granting its motion for abeyance. In each case, the

court granted abeyance *before* ruling on the agency order. *See, e.g.*, *Molak v. FCC*, No. 23-60641, ECF No. 187 (5th Cir. July 10, 2025); *AT&T Inc. v. FCC*, No. 15-1038, Doc. No. 1571313 (D.C. Cir. Sept. 3, 2015). In those cases, the abeyance prevented the court of appeals from establishing binding precedent during the period of agency review.

Petitioners understand that at least five groups of amici intend to file amicus briefs supporting the rehearing petition on Monday, October 6. These briefs will further explain why rehearing of the panel decision is necessary. Petitioners respectfully ask the Court to wait and consider those briefs before taking action on the FCC's abeyance request.

## CONCLUSION

The Court should decline to rule on the abeyance motion until after Monday, October 6, 2025. It should then grant Petitioners' petition for rehearing and, after that, grant the FCC's motion to hold the case in abeyance.

Dated: September 30, 2025

Respectfully submitted,

*/s/ Roman Martinez*
Roman Martinez
Matthew A. Brill
Matthew T. Murchison
Christina R. Gay
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
roman.martinez@lw.com

*Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-face and type-style rules of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 453 words.

*/s/ Roman Martinez*
Roman Martinez

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I electronically filed the foregoing Response To FCC's Motion To Hold Case In Abeyance with the Clerk of Court of the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. Participants here are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Roman Martinez*
Roman Martinez