Nos. 24-3133, 24-3206, 24-3252

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

OHIO TELECOM ASSOCIATION, ET AL.,
                        *Petitioners*,

HAMILTON RELAY, INC.,
                        *Intervenor*,

v.

FEDERAL COMMUNICATIONS COMMISSION, ET AL.,
                        *Respondents*.

―――――――――――――

*On Petitions for Review of an Order of the
Federal Communications Commission
Agency No. 23-111*

―――――――――――――

# MOTION OF THE CATO INSTITUTE FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PETITIONERS ON PETITION FOR REHEARING EN BANC

―――――――――――――

                        Thomas A. Berry
                         *Counsel of Record*
                        Brent Skorup
                        Kimberly Brooking
                        CATO INSTITUTE
                        1000 Massachusetts Ave., N.W.
                        Washington, DC, 20001
                        443-254-6330
                        tberry@cato.org

October 6, 2025

# MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

On August 13, 2025, a panel of this court decided the above-captioned petition. The panel held that the data breach notification requirements promulgated by the Federal Communication Commission in a 2024 order were supported by 47 U.S.C. § 201(b) and did not violate the Congressional Review Act.

Movant Cato Institute now seeks leave under FRAP 29(b)(2) to file an amicus brief in support of Petitioners' pending en banc petition. Attached to this motion is a copy of the Cato Institute's proposed *amicus* brief.

## IDENTITY OF THE PROPOSED *AMICUS*

The Cato Institute is a nonpartisan public policy research foundation founded in 1977 and dedicated to advancing the principles of individual liberty, free markets, and limited government. Cato's Robert A. Levy Center for Constitutional Studies was founded in 1989 to champion liberty through a constitutionally limited government, encourage the judiciary to faithfully interpret the law, and protect civil liberties by supporting the proper separation of powers. Toward that end, the Center for Constitutional Studies publishes books and studies about legal issues, conducts conferences, produces the annual *Cato Supreme Court Review*, and files *amicus* briefs in constitutional law cases.

## INTEREST OF THE PROPOSED *AMICUS*

The "separate and distinct exercise of the different powers of government . . .

1

[is] essential to the preservation of liberty." THE FEDERALIST NO. 51 (James Madison). This case interests Cato because the judicial process has failed to protect the separation of powers enshrined in the Constitution. A panel of this Court upheld the FCC's 2024 order despite its similarity to an order that Congress previously struck down, invalidating meaningful oversight and improperly expanding agency power. Consequently, the panel's opinion undermines the thrust of recent Supreme Court decisions limiting executive power. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01 (2024); *West Virginia v. EPA,* 597 U.S. 697 (2022); *Biden v. Nebraska*, 600 U.S. 477 (2023).

Cato has appeared as *amicus* in several cases addressing the separation of powers. *See*, *e.g.*, *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 145 S. Ct. 1047 (2025); *V.O.S. Selections, Inc. v. Trump*, Nos. 2025-1812, 2025-1813, 2025 U.S. App. LEXIS 22405 (Fed. Cir. Aug. 29, 2025). The Cato Institute is a longstanding champion of and produced significant work on the separation of powers. *See, e.g.*, Tom G. Palmer, *Limited Government and the Rule of Law*, *in* CATO HANDBOOK FOR POLICYMAKERS 13, 19 (8th ed. 2017); *The Current State of Separation of Powers*, C-SPAN (Sept. 25, 2018), https://tinyurl.com/bdf882s6.

## REASONS TO ALLOW THE PROPOSED *AMICUS* BRIEF

This *amicus* brief argues that the job of a judge has always been "to say what the law is," not what they want it to be. *Marbury v. Madison*, 5 U.S. 137, 177 (1803).

The text and structure of 47 U.S.C. § 201(b) support a narrow reading of the statute; nevertheless, the panel has stretched the phrase "practices . . . in connection with [a] communication service" to include privacy policies. The panel recognized that Section 201(b) historically regulated rate-related practices, but the panel nonetheless held that it also authorized imposing privacy-related obligations concerning data breaches without clear textual grounding. The Cato Institute has provided legislative reports, cases, and textual analysis showing that Section 201(b) should be read narrowly.

This *amicus* brief also argues that the panel erred for the independent reason that the FCC's 2024 order violates the Congressional Review Act. That is because the 2024 order is substantially similar to the FCC's 2016 order, which Congress disapproved. Respecting the clear and obvious meaning of the law would mean striking down the FCC's 2024 order. Otherwise, Congress's disapproval, which is supposed to have the "full force and preemptive effect of federal law," would become meaningless. *ACA Connects – America's Communs. Ass'n v. Frey*, 471 F. Supp. 3d 318, 324 (D. Me. 2020).

## CONSENTS

The Petitioners have consented to the filing of this *amicus* brief, and the Respondents have indicated through counsel that they do not object.

## CONCLUSION

Based on the foregoing points and authorities, the Cato Institute respectfully requests that the Court grant the motion and allow the filing of the *amicus curiae* brief filed herewith in support of Petitioners' pending petition.

Dated: October 6, 2025

Respectfully submitted,

Thomas A. Berry
  *Counsel of Record*
Brent Skorup
Kimberly Brooking
CATO INSTITUTE
1000 Mass. Ave., N.W.
Washington, DC 20001
443-254-6330
tberry@cato.org

*Counsel for the Cato Institute*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) because it contains 694 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman typeface.

<br>

                                           /s/ Thomas A. Berry

Dated: October 6, 2025               *Counsel for Amicus Curiae Cato Institute*

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that on October 6, 2025, he electronically filed the foregoing motion with the Clerk of the Court for the Sixth Circuit using the CM/ECF system. The undersigned also certifies that all participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

<u>/s/ Thomas A. Berry</u>

Dated: October 6, 2025                *Counsel for Amicus Curiae Cato Institute*