# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

OHIO TELECOM ASSOCIATION; TEXAS ASSOCIATION OF BUSINESS;
CTIA – THE WIRELESS ASSOCIATION;
NCTA – THE INTERNET & TELEVISION ASSOCIATION;
USTELECOM – THE BROADBAND ASSOCIATION,

*Petitioners*,

HAMILTON RELAY, INC.,

*Intervenor*.

v.

FEDERAL COMMUNICATIONS COMMISSION;
UNITED STATES OF AMERICA,

*Respondents*.

On Petitions For Review Of An Order Of The
Federal Communications Commission, Agency No. 23-111

## MOTION OF TECHFREEDOM FOR LEAVE TO
## FILE AMICUS CURIAE BRIEF IN SUPPORT OF PETITIONER'S
## PETITION FOR REHEARING EN BANC

John Anderson Jung
*Counsel of Record*
TECHFREEDOM
1500 K. Street NW, Floor 2
Washington, D.C. 20005
ajung@techfreedom.org

*Counsel for* Amicus Curiae

Under Rule 29(b), Federal Rules of Appellate Procedure, TechFreedom respectfully requests leave to file an amicus curiae brief in support of rehearing en banc. TechFreedom filed an amicus brief at the panel stage. Brief for TechFreedom as Amicus Curiae Supporting Petitioners, Ohio Telecom Association v. Federal Communications Commission, No. 24-3133 (6th Cir.) (May 29, 2024). All parties have consented to the filing of this motion and brief.

TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C. It is dedicated to promoting technological progress that improves the human condition. To that end, TechFreedom is committed to protecting data privacy while ensuring that the administrative state acts within the proper bounds of its authority. For many years, TechFreedom has been sharing expert advice with agencies, the courts, and the public on how to craft privacy rules that are effective *and* legal. *See*, *e.g.*, Brief of TechFreedom, et al., *LabMD, Inc. v. FTC*, No. 16-16270 (11th Cir., Jan. 3, 2017); TechFreedom, Comments on Petition for Rulemaking to Prohibit the Use on Children of Design Features that Maximize for Engagement (Jan. 18, 2023), https://bit.ly/450qTtS; TechFreedom, Comments on Protecting Kids from Stealth Advertising in Digital Media (Nov. 18, 2022), https://bit.ly/4dZunke; Corbin K. Barthold,

*The Fraught Path to a Federal Privacy Law Businesses Can Live With*, WLF Legal Backgrounder (Mar. 11, 2021), https://bit.ly/4dZSEXu.

This case encapsulates the *wrong* way for the administrative state to approach rulemaking. After being explicitly told by Congress *not* to issue a data breach notification rule, the Federal Communications Commission (FCC) has done exactly that. The FCC has "been rebuked in its attempts to expand [a] statute beyond its text," yet has "sought new means to the same ends." *See Talk Am., Inc. v. Mich. Bell Tel. Co.*, 564 U.S. 50, 69 (2011) (Scalia, J., concurring). The Court should send a clear message: "Agencies are creatures of Congress" that must listen closely to the people's representatives. *City of Arlington v. Fed. Commc'ns Comm'n,* 569 U.S. 290, 317 (2013).

TechFreedom's brief will help the Court resolve the petition for rehearing en banc. The panel resolved a question of exceptional importance, mistakenly holding that, when assessing whether the Congressional Review Act (CRA) prohibits an agency from issuing a revised rule, courts must compare the revised rule to an entire agency order to determine whether they are substantially the same. The brief explains how this reading allows agencies to easily circumvent the CRA, and thus congressional will, by reissuing rejected rules piecemeal.

TechFreedom respectfully requests leave to file the accompanying amicus curiae brief in support of rehearing en banc.

October 6, 2025

Respectfully submitted,

John Anderson Jung
   *Counsel of Record*
TECHFREEDOM
1500 K. Street NW, Floor 2
Washington, D.C. 20005
ajung@techfreedom.org

*Counsel for* Amicus Curiae

# CERTIFICATE OF COMPLIANCE

I hereby certify:

This brief complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because it contains 426 words, excluding the parts exempted by Fed. R. App. P. 32(f) and Sixth Cir. R. 32(b)(1).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced serif typeface, in 14-point font, using Microsoft Office 365.

/s/ *John Anderson Jung*

October 6, 2025

## CERTIFICATE OF SERVICE

On October 6, 2025, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *John Anderson Jung*

October 6, 2025